SPILLANE WEINGARTEN LLP
Jay M. Spillane (Bar No. 126364)
jspillane@spillaneweingarten.com
Raphael Cung (Bar No. 201829)
rcung@spillaneweingarten.com
1880 Century Park East, Suite 1004
Los Angeles, CA 90067-2627
Telephone: (310) 229-9300
Fax: (310) 229-9380

Attorneys for Plaintiff CWIE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| CWIE, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>BANDWIDTH CONSULTING, INC., a California corporation; ARI BENOWITZ, an individual;<br><br>       Defendants. | **Case No. SACV 08-01423 DOC (RNBx)**<br><br><br>**STIPULATED PROTECTIVE ORDER** |

DOCSOC/1327672v3/101265-0001

1  **1.    PURPOSES AND LIMITATIONS**

2      Disclosure and discovery activity in this action are likely to involve

3  production of confidential, proprietary, or private information for which special

4  protection from public disclosure and from use for any purpose other than

5  prosecuting this litigation would be warranted.  Accordingly, the parties hereby

6  stipulate to and petition the court to enter the following Stipulated Protective

7  Order.  The parties acknowledge that this Order does not confer blanket protections

8  on all disclosures or responses to discovery and that the protection it affords

9  extends only to the limited information or items that are entitled under the

10  applicable legal principles to treatment as confidential.  The parties further

11  acknowledge, as set forth in Section 10, below, that this Stipulated Protective

12  Order creates no entitlement to file confidential information under seal; Civil Local

13  Rule 79-5 sets forth the procedures that must be followed and reflects the standards

14  that will be applied when a party seeks permission from the court to file material

15  under seal.

16  **2.    DEFINITIONS**

17      2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

18  employees, consultants, retained experts, and outside counsel (and their support

19  staff).

20      2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

21  of the medium or manner generated, stored, or maintained (including, among other

22  things, testimony, transcripts, or tangible things) that are produced or generated in

23  disclosures or responses to discovery in this matter.

24      2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

25  generated, stored or maintained) or tangible things that qualify for protection under

26  standards developed under F.R.Civ.P. 26(c).

27      2.4    <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>:

28  extremely sensitive "'Confidential' Information or Items" whose disclosure to

DOCSOC/1327672v3/101265-0001

1  another Party or nonparty would create a substantial risk of serious injury that
2  could not be avoided by less restrictive means.

3      2.5    Receiving Party:  a Party that receives Disclosure or Discovery
4  Material from a Producing Party.

5      2.6    Producing Party:  a Party or non-party that produces Disclosure or
6  Discovery Material in this action.

7      2.7    Designating Party:  a Party or non-party that designates information or
8  items that it produces in disclosures or in responses to discovery as "Confidential"
9  or "Highly Confidential Attorneys' Eyes Only."

10      2.8    Protected Material:  any Disclosure or Discovery Material that is
11  designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

12      2.9    Outside Counsel:  attorneys who are not employees of a Party but who
13  are retained to Represent or advise a Party in this action.

14      2.10   House Counsel:  attorneys who are employees of a Party.

15      2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as
16  well as their support staffs).

17      2.12   Expert:  a person with specialized knowledge or experience in a
18  matter pertinent to the litigation who has been retained by a Party or its counsel to
19  serve as an expert witness or as a consultant in this action and who is not a past or
20  a current employee of a Party or of a competitor of a Party's and who, at the time
21  of retention, is not anticipated to become an employee of a Party or a competitor of
22  a Party's.  This definition includes a professional jury or trial consultant retained in
23  connection with this litigation.

24      2.13   Professional Vendors:  persons or entities that provide litigation
25  support services (e.g., photocopying; videotaping; translating; preparing exhibits or
26  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
27  and their employees and subcontractors.

28

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

1         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

2    this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

3    stipulated or ordered, material that qualifies for protection under this Order must be

4    clearly so designated before the material is disclosed or produced.

5    Designation in conformity with this Order requires:

6           (a)    <u>for information in documentary form</u> (apart from transcripts of

7    depositions or other pretrial or trial proceedings), that the Producing Party affix the

8    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

9    EYES ONLY" at the top of each page that contains protected material.  If only a

10   portion or portions of the material on a page qualifies for protection, the Producing

11   Party also must clearly identify the protected portion(s) (e.g., by making

12   appropriate markings in the margins) and must specify, for each portion, the level

13   of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL — ATTORNEYS' EYES ONLY").

15        A Party or non-party that makes original documents or materials available

16   for inspection need not designate them for protection until after the inspecting

17   Party has indicated which material it would like copied and produced.  During the

18   inspection and before the designation, all of the material made available for

19   inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS'

20   EYES ONLY."  After the inspecting Party has identified the documents it wants

21   copied and produced, the Producing Party must determine which documents, or

22   portions thereof, qualify for protection under this Order, then, before producing the

23   specified documents, the Producing Party must affix the appropriate legend

24   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

25   ONLY") at the top of each page that contains Protected Material.  If only a portion

26   or portions of the material on a page qualifies for protection, the Producing Party

27   also must clearly identify the protected portion(s) (e.g., by making appropriate

28   markings in the margins) and must specify, for each portion, the level of protection

1   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

2   ATTORNEYS' EYES ONLY").

3            (b)    <u>for testimony given in deposition</u> that the Party or non-party

4   offering or sponsoring the testimony identify on the record, before the close of the

5   deposition, all protected testimony, and further specify any portions of the

6   testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

7   ONLY."  When it is impractical to identify separately each portion of testimony

8   that is entitled to protection, and when it appears that substantial portions of the

9   testimony may qualify for protection, the Party or non-party that sponsors, offers,

10   or gives the testimony may invoke on the record (before the deposition or

11   proceeding is concluded) a right to have up to 20 days to identify the specific

12   portions of the testimony as to which protection is sought and to specify the level

13   of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

14   — ATTORNEYS' EYES ONLY").

15      Only those portions of the testimony that are appropriately designated for

16   protection within the 20 days shall be covered by the provisions of this Stipulated

17   Protective Order.

18      Transcript pages containing Protected Material must be separately bound by

19   the court reporter, who must affix to the top of each such page the legend

20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

21   ONLY," as instructed by the Party or nonparty offering or sponsoring the witness

22   or presenting the testimony.

23            (c)    <u>for information produced in some form other than documentary,</u>

24   and for any other tangible items, that the Producing Party affix in a prominent

25   place on the exterior of the container or containers in which the information or

26   item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

27   ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

28   protection, the Producing Party, to the extent practicable, shall identify the

1   protected portions, specifying whether they qualify as "Confidential" or as "Highly
2   Confidential — Attorneys' Eyes Only."

3          5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
4   failure to designate qualified information or items as "Confidential" or "Highly
5   Confidential — Attorneys' Eyes Only" does not, standing alone, waive the
6   Designating Party's right to secure protection under this Order for such material.
7   If material is appropriately designated as "Confidential" or "Highly Confidential
8   — Attorneys' Eyes Only" after the material was initially produced, the Receiving
9   Party, on timely notification of the designation, must make reasonable efforts to
10  assure that the material is treated in accordance with the provisions of this Order,

11  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

12         6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating
13  Party's confidentiality designation is necessary to avoid foreseeable substantial
14  unfairness, unnecessary economic burdens, or a later significant disruption or delay
15  of the litigation, a Party does not waive its right to challenge a confidentiality
16  designation by electing not to mount a challenge promptly after the original
17  designation is disclosed.

18         6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
19  Designating Party's confidentiality designation must comply with Civil Local
20  Rules 37-1 and 37-2 (including the Joint Stipulation Requirement).  The Party, in
21  good faith, must begin the process by conferring directly (in voice to voice
22  dialogue; other forms of communication are not sufficient) with counsel for the
23  Designating Party.  In conferring, the challenging Party must explain the basis for
24  its belief that the confidentiality designation was not proper and must give the
25  Designating Party an opportunity to review the designated material, to reconsider
26  the circumstances, and, if no change in designation is offered, to explain the basis
27  for the chosen designation.  A challenging Party may proceed to the next stage of
28  the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  In compliance with Civil Local Rule 37-2, each such motion must be accompanied by a joint stipulation.  The joint stipulation must comply with the requirements of Civil Local Rules 37-2.1, 37-2.2, 37-2.3 and 37-2.4.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

1           (a)    the Receiving Party's Outside Counsel of record in this action,

2    as well as employees of said Counsel to whom it is reasonably necessary to

3    disclose the information for this litigation and who have signed the "Agreement to

4    Be Bound by Protective Order" that is attached hereto as Exhibit A;

5           (b)    the officers, directors, and employees (including House

6    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

7    this litigation and who have signed the "Agreement to Be Bound by Protective

8    Order" (Exhibit A);

9           (c)    experts (as defined in this Order) of the Receiving Party to

10   whom disclosure is reasonably necessary for this litigation and who have signed

11   the "Agreement to Be Bound by Protective Order" (Exhibit A);

12          (d)    the Court and its personnel;

13          (e)    court reporters, their staffs, and professional vendors to whom

14   disclosure is reasonably necessary for this litigation and who have signed the

15   "Agreement to Be Bound by Protective Order" (Exhibit A);

16          (f)    during their depositions, witnesses in the action to whom

17   disclosure is reasonably necessary and who have signed the "Agreement to Be

18   Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition

19   testimony or exhibits to depositions that reveal Protected Material must be

20   separately bound by the court reporter and may not be disclosed to anyone except

21   as permitted under this Stipulated Protective Order..

22          (g)    the author of the document or the original source of the

23   information.

24       7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

25   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

26   in writing by the Designating Party, a Receiving Party may disclose any

27   information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

28   EYES ONLY" only to:

1            (a)    the Receiving Party's Outside Counsel of record in this action,

2    as well as employees of said Counsel to whom it is reasonably necessary to

3    disclose the information for this litigation and who have signed the "Agreement to

4    Be Bound by Protective Order" that is attached hereto as Exhibit A;

5            (b)    Experts (as defined in this Order) (1) to whom disclosure is

6    reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

7    Bound by Protective Order" (Exhibit A);

8            (c)    the Court and its personnel;

9            (d)    court reporters, their staffs, and professional vendors to whom

10   disclosure is reasonably necessary for this litigation and who have signed the

11   "Agreement to Be Bound by Protective Order" (Exhibit A); and

12           (e)    the author of the document or the original source of the

13   information.

14   **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

15   **PRODUCED IN OTHER LITIGATION.**

16           If a Receiving Party is served with a subpoena or an order issued in other

17   litigation that would compel disclosure of any information or items designated in

18   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

19   ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

20   Party, in writing (by fax, if possible) immediately and in no event more than three

21   court days after receiving the subpoena or order.  Such notification must include a

22   copy of the subpoena or court order.

23           The Receiving Party also must immediately inform in writing the Party who

24   caused the subpoena or order to issue in the other litigation that some or all the

25   material covered by the subpoena or order is the subject of this Protective Order.

26   In addition, the Receiving Party must deliver a copy of this Stipulated Protective

27   Order promptly to the Party in the other action that caused the subpoena or order to

28   issue.

1       The purpose of imposing these duties is to alert the interested parties to the

2  existence of this Protective Order and to afford the Designating Party in this case

3  an opportunity to try to protect its confidentiality interests in the court from which

4  the subpoena or order issued.  The Designating Party shall bear the burdens and the

5  expenses of seeking protection in that court of its confidential material — and

6  nothing in these provisions should be construed as authorizing or encouraging a

7  Receiving Party in this action to disobey a lawful directive from another court.

8  **9.**      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9       If a Receiving Party learns that, by inadvertence or otherwise, it has

10  disclosed Protected Material to any person or in any circumstance not authorized

11  under this Stipulated Protective Order, the Receiving Party must immediately (a)

12  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

13  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

14  persons to whom unauthorized disclosures were made of all the terms of this

15  Order, and (d) request such person or persons to execute the "Acknowledgment

16  and Agreement to Be Bound" that is attached hereto as Exhibit A.

17  **10.**     **FILING PROTECTED MATERIAL.**

18       In accordance with Local Rule 79-5.1, any papers to be filed with the Court

19  containing information and/or documents that have been designated as

20  "Confidential" or "Highly Confidential — Attorneys' Eyes Only," shall be

21  accompanied by an application to file the papers or portion thereof containing the

22  designated information or documents (if such portion is segregable) under seal and

23  the application shall be directed to the judge to whom the papers are directed.

24  Where a Party seeks to have a motion or any portion of a motion filed under seal,

25  the Party should publicly file a redacted version of the motion and/or any

26  supporting papers.

27  **11.**     **FINAL DISPOSITION.**

28       Unless otherwise ordered or agreed in writing by the Producing Party, within

sixty days after the final termination of this action, each Receiving Party must

DOCSOC/1327672v3/101265-0001

1   return all Protected Material to the Producing Party.  As used in this subdivision,

2   "all Protected Material" includes all copies, abstracts, compilations, summaries or

3   any other form of reproducing or capturing any of the Protected Material.  With

4   permission in writing from the Designating Party, the Receiving Party may destroy

5   some or all of the Protected Material instead of returning it.  Whether the Protected

6   Material is returned or destroyed, the Receiving Party must submit a written

7   certification to the Producing Party (and, if not the same person or entity, to the

8   Designating Party) by the sixty day deadline that identifies (by category, where

9   appropriate) the Protected Material that was returned or destroyed and that affirms

10  that the Receiving Party has not retained any copies, abstracts, compilations,

11  summaries or other forms of reproducing or capturing any of the Protected

12  Material.

13          Notwithstanding this provision, Counsel are entitled to retain an archival

14  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence

15  or attorney work product, even if such materials contain Protected Material.  Any

16  such archival copies that contain or constitute Protected Material remain subject to

17  this Protective Order as set forth in Section 4 (DURATION), above.

18  **12.    RIGHT TO ASSERT OTHER OBJECTIONS.**

19          By stipulating to the entry of this Protective Order no Party waives any right

20  it otherwise would have to object to disclosing or producing any information or

21  item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

22  Party waives any right to object on any ground to use in evidence of any of the

23  material covered by this Protective Order.

24

25

26

27

28

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  February 4, 2009        SPILLANE WEINGARTEN LLP

By: _____
        Jay M. Spillane
Attorneys for Plaintiff CYWEE, LLC

DATED:  February 4, 2009        STRADLING YOCCA CARLSON &
                                RAUTH

By: _____
        Kent W. Easter
Attorneys for Defendants Bandwidth
Consulting, Inc. and Ari Benowitz

DOCSOC/1327672v3/101265-0001

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], located at _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *CWIE v. Bandwidth Consulting, Inc. et al.*, SA CV 01423 DOC (RNBx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name] located at _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____

DOCSOC/1327672v3/101265-0001